IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IN RE DOUGLAS GELLER,

VERMONT PURE HOLDINGS, LTD.,                    CV  05-MC-9068-HA

                     Plaintiff,                    (No. 03-11465-DPW District
                                               Court of Massachusetts)
         v.

NESTLE WATERS NORTH AMERICA                    ORDER
INC., NESTLE SA,

                     Defendants.
_____

HAGGERTY, Chief Judge:

      On March 4, 2005, plaintiff Vermont Pure Holdings, Ltd. (Vermont Pure or plaintiff)

filed a Motion to Compel Production of Documents from and Deposition of Douglas Geller

(Doc. #1).  Douglas Geller (Geller) is not a party to this action, which is currently pending

in the United States District Court for the District of Massachusetts against defendants

Nestlé Waters North America, Inc. and Nestlé SA (collectively referred to as Nestlé or

defendants).

1  –  ORDER

Geller and Nestlé both filed responses opposing the motion to compel.  On March 18, 2005, Nestlé filed a Motion for Protective Order (Doc. #10), which Vermont Pure opposes.  On March 21, 2005, Vermont Pure filed a Motion for Leave to File Reply Brief (Doc. #7), which Nestlé opposes.  These motions are currently before the court.

**BACKGROUND**

Vermont Pure, which bottles and sells spring water, initially asserted multiple claims under the Lanham Act, 15 U.S.C. § 1125(a).  On September 9, 2004, the Massachusetts court dismissed plaintiff's claims that alleged that defendants' Poland Spring brand of bottled water (Poland Spring water) was not actually "spring water."  The court held that because bottled water is regulated by the Food and Drug Administration (FDA), which has implemented regulations defining spring water, only the FDA may bring such an action.  Plaintiff's remaining claim alleges that defendants have engaged in false, deceptive, and misleading advertising regarding the source, nature, and purity of its Poland Spring water.  Specifically, plaintiff alleges that defendants have falsely claimed that its water emanates from a "pristine and protected" spring source called Poland Spring.  Plaintiff asserts, among other things, that Poland Spring dried up many years ago.

Geller was employed as a Senior Hydrogeologist with Atlantic Geoscience Corporation (Atlantic) for approximately eight months beginning in August 1994.  Atlantic is now wholly owned by ENSR Corporation (ENSR).  Plaintiff served the subpoena that is the subject of this motion on January 7, 2005, commanding Geller's appearance for a deposition on January 26, 2005, as well as the production of certain documents.  One such document is identified as "the Caswell Report."  The Caswell Report is dated February 20, 1995.  It was prepared for defendants by hydrogeologic consulting firm Caswell, Ikler &

Hill.  Defendants then provided a copy of the Caswell Report to Atlantic in furtherance of Atlantic's consulting work related to the location of a replacement bore hole used to extract spring water at defendants' Poland Spring water site.  Defendants assert that they provided the Caswell Report to Atlantic with the clear mutual understanding that it would be kept confidential and would not be produced to any third party without defendants' prior direction or approval.

Defendants contend that Geller was subject to a confidentiality agreement while he worked at Atlantic.  However, Geller contends that any such agreement does not affect the Caswell Report, and plaintiff argues that the confidentiality agreement was never binding.

During his employment, Geller worked on the Poland Spring water account, including conducting a partial review of the Caswell Report with respect to whether Poland Spring water met the standard of identity for "spring water."  Geller terminated his employment with Atlantic in April 1995, at which he time he submitted an Exit Interview Checklist indicating that he had returned, or would soon return, all project documents. Defendants contend that Geller inadvertently kept the Caswell Report; plaintiff contends that he purposefully kept the report.

Plaintiff served the subpoena to Geller via Federal Express, and Geller signed the delivery package and initially communicated his intent to appear at the deposition. However, before the date of the deposition, Jeffrey Garrod (Garrod), counsel for defendants, communicated with Geller that defendants were opposed to his releasing the Caswell Report and that he would be subject to liability if he did so.  On January 25, 2005, Geller, through his attorney Laura Maffei (Maffei), objected to providing the Caswell Report to plaintiff's counsel.  Geller's deposition was postponed.

On March 16, 2005, Geller received a letter from ENSR demanding the immediate return of the Caswell Report, which it described as being "unlawfully in [Geller's] possession."  Resp. to Vermont Pure's Mot. to Compel Prod. by Douglas Geller, Ex. 1. Neither Atlantic nor ENSR have sought to intervene in this action.

The court notes that on March 14, 2005, the Massachusetts court entered a protective order that governs all discovery in this case and expressly gives defendants the power to designate as confidential any document produced by any person.  The protective order also provides that a party may label discovery documents as "highly confidential," which limits disclosure to only the opposing party's attorneys.

**STANDARDS**

The federal rules allow discovery of "any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b).  This rule is interpreted to allow liberal discovery of all information reasonably calculated to lead to the discovery of admissible evidence, although the discoverable information itself need not be admissible at trial.  *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).  Requests for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.  *See id.* Courts are generous in providing broad discovery parameters and refusing to allow "procedural technicalities [to] impede the full vindication of guaranteed rights."  *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983) (citations omitted).

//

If during discovery a party refuses to permit requested discovery that is relevant and not otherwise subject to privilege, the requesting party may seek an order compelling discovery.   Fed. R. Civ. P. 34; 37(a)(2)(B).   In response to such an order, the party resisting discovery has a heavy burden of showing why discovery should be denied.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Cable and Computer Tech. Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Calif. 1997) (the party resisting discovery must clarify, explain, and support its objections).  If the information sought is deemed by the court to be irrelevant, the court should restrict discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c); *see also Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Federal Rule of Civil Procedure 45 provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A).

## DISCUSSION

### A.  Vermont Pure's Motion to Compel

Plaintiff moves the court pursuant to Federal Rule of Civil Procedure 45(c)(2)(B) and 45(e) to enforce the subpoena issued to Geller.

Geller's arguments in opposition

Geller argues that the motion should be denied based on undue burden and availability of the report.  Plaintiff contends that Geller's objections are not timely because they were issued more than fourteen days after the subpoena.  *See* Fed. R. Civ. P. 45(c)(2)(B) (objections to a subpoena must be served within fourteen days of the service of

the subpoena).  Geller's counsel argues that the objections should nonetheless be considered because Geller did not obtain counsel until after the fourteen-day period had expired, he acted in good faith by contacting plaintiff's counsel prior to filing the objection, and he filed the objection as timely as possible after conferring with the parties.  *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 52 (S.D.N.Y. 1996) (finding that good cause existed for failure to timely object to a subpoena under similar circumstances and holding that objections were, therefore, not waived).  The court finds that Geller had good cause for his untimely objection.  Therefore, the court will consider his opposition on the merits.

Geller argues that compelling him to produce the Caswell Report would be an undue burden because of ENSR's implicit threat to bring litigation if he does so.  Geller also argues that production is unnecessary because plaintiff has knowledge of the title and author of the Caswell Report and, therefore, could obtain the report from other sources.  Geller asks the court to order him either to return the Caswell Report to ENSR or to submit it to the Massachusetts district judge.

The court is not persuaded by Geller's arguments.  First, Geller does not assert that he himself has a confidentiality interest in the Caswell Report.  Second, any potential liability to ENSR is not properly before this court; ENSR is not a party to this case and has not sought to assert its rights in this forum.

Nestlé's arguments in opposition

Defendants raise several arguments attacking the validity of the subpoena.  First, defendants argue that the subpoena was legally defective because it was mailed to Geller, rather than being personally served upon him.  Second, defendants argue that the subpoena was issued in violation of the District Court of Massachusetts Local Rule 26.2(A), which

requires that "before a party may initiate discovery, that party must provide to other parties disclosure of the information and materials called for by Fed.R.Civ.P. 26(a)(1)." *See* Nestlé Waters' Mem. in Opp. to Vermont Pure's Mot. to Compel Disc. from Non-Party Douglas Geller, Ex. C. As stated above, objections to a subpoena must be served within fourteen days of the service of the subpoena. Fed. R. Civ. P. 45(c)(2)(B). Defendants did not file any written objections to the subpoena, nor have they put forth any explanation for this failure. Therefore, the court finds that defendants' objections are untimely and without good cause.

Defendants also contend that the Caswell Report is not relevant to the existing claims in this action, but only to claims that have already been dismissed, namely, those based on the argument that defendant's product is not "spring water." As stated above, the federal courts allow liberal discovery of all information reasonably calculated to lead to the discovery of admissible evidence and requests for discovery will be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Shoen,* 5 F.3d at 1292. Furthermore, the party resisting discovery carries a heavy burden of showing why discovery should be denied. *Blankenship,* 519 F.2d at 429. Defendants have not met that burden here. As defendants concede, the Caswell Report relates to the source of Poland Spring water. This is relevant to plaintiff 's existing claim that Poland Spring water does not come from Poland Spring and does not come from "some of the most pristine and protected sources deep in the woods of Maine."

Defendants also urge the court to deny the motion to compel because the subpoena seeks confidential information that would subject Geller to civil liability if disclosed. However, defendants cannot assert interests that are not their own, to wit, that production of the report would violate a confidentiality agreement between Geller and Atlantic.

7  –  ORDER

Furthermore, defendants have failed to show that the report is subject to a privilege held by defendants, and they have provided no explanation as to what injury they would suffer if the report was disclosed.  Moreover, there is a protective order already in place under which defendants will be able to limit disclosure of the report to plaintiff's attorneys.

Finally, defendants argue that any testimony from Geller would lack legal relevance to plaintiff's existing claim because fraud claims are subject to a three-year statute of limitations and Geller ceased working for Atlantic more than ten years ago.  Defendants cite to *Petricca v. Simpson*, 862 F. Supp. 13, 16 (D. Mass. 1994), which states that "[u]nder Mass.Gen.L. ch. 260, § 2A, the statute of limitations for a fraud action is three years from the date that the claim accrued (the time of injury to the plaintiff)."  *Petricca* also states that "[t]he limitation period may be extended if the defendant has 'fraudulently concealed' the cause of action from the plaintiff."  *Id.* (quoting Mass.Gen.L. ch. 260, § 12.).  Defendants ignores this rule, as well as the principle that a claim does not accrue until the plaintiff knew or should have know that it was injured.  *See Arthur D. Little Int'l., Inc. v. Dooyang Corp.*, 928 F. Supp. 1189, 1203 (D. Mass. 1996) (Where "the injury or its cause was not immediately apparent, the 'discovery rule' applies and the cause of action does not accrue until the plaintiff knew or could have known of both the injury and the cause of the injury.") (citations omitted).  There is not sufficient evidence before this court to conclude that evidence provided by Geller would be barred by the statute of limitations.

## B.  Nestlé's Motion for Protective Order

On March 18, 2005, defendants filed a motion for a protective order barring plaintiff from pursuing discovery from Geller with respect to the Caswell Report and directing Geller to return to Atlantic any and all documents pertaining to the Caswell Report.  Defendants

argue that good cause exists for the proposed protective order because Geller's disclosure of the Caswell Report would constitute a material breach of his confidentiality agreement with Atlantic and expose him to risk of civil liability.

Rule 26 provides that, for good cause shown, the court in which an action is pending or, alternatively, the court in the district where a deposition is to be taken, may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003) (citation omitted).

Plaintiff argues that defendants' motion is time barred because it was not brought prior to the date of the deposition. While the express language of Rule 26 does not set time limits by which a motion for a protective order must be made, there is an implicit requirement that the motion be timely, that is, prior to the date set for discovery. *See Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 413 (M.D.N.C.1991). Here, defendants did not file their motion until almost two months after the date set for Geller's deposition. Furthermore, even if defendants' motion was timely, it would be denied on the merits for the reasons explained above.

///

///

///

///

///

9 – ORDER

**CONCLUSION**

For the reasons provided, plaintiff's Motion to Compel (Doc. #1) is GRANTED.

Plaintiff's Motion for Leave to File Reply Brief (Doc. #7) is DENIED as moot.  Defendants'

Motion for Protective Order (Doc. #10) is DENIED because of the existence of the

Massachusetts protective order.  The court orders Douglas Geller to comply with the

commands in the subpoena issued to him on January 7, 2005.

IT IS SO ORDERED.

DATED this  12   day of May, 2005.

_/s/Ancer L. Haggerty_____
                ANCER L. HAGGERTY
                United States District Judge